IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Darell Andre Fuller,<br><br>                  Plaintiff,<br><br>vs.<br><br>Dr. Jose Serrano, Dr. V. Loventh,<br>and Dr L. Berrios,<br><br>                  Defendants. | Civil Action No. 6:16-993-HMH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

        The plaintiff, who is a former federal prisoner proceeding *pro se*, seeks relief pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civ. Rule 73.02(B)(2) (D.S.C.), all pretrial matters in this case were referred to the undersigned United States Magistrate Judge for consideration.

        On June 20, 2012, the plaintiff filed a complaint in the Eastern District of Pennsylvania, alleging that he received inadequate medical care for injuries to his wrist and knee while incarcerated at six different federal correctional institutions (doc. 3). On October 10, 2012, the case was transferred to the District of New Jersey (doc. 9). On March 28, 2016, the Honorable Noel L. Hillman, United States District Judge for the District of New Jersey, issued an order granting in part and denying the defendants' motion for partial dismissal of the complaint. Judge Hillman ruled that personal jurisdiction did not exist as to

---

[1] In *Bivens*, the Supreme Court established a cause of action against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983. *Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *Id*. *See also Osabutey v. Welch*, 857 F.2d 220, 221–223 (4th Cir.1988).

the out-of-state defendants, and he transferred the claims against those defendants to the appropriate United States District Courts (docs. 43, 44). The plaintiff's claims against the Clinical Directors at Federal Correctional Institution ("FCI") Edgefield, FCI Williamsburg, and FCI Bennettsville in South Carolina were transferred to this court (docs. 43, 44, 45, 46, 47).

On January 9, 2017, the defendants filed a motion to dismiss, arguing that the plaintiff failed to exhaust his administrative remedies as to any issues relating to the adequacy of his medical care provided by the defendants prior to July 29, 2008, and that his claims are barred by the applicable statute of limitations (doc. 93). By order filed the same date pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment and motion to dismiss procedures and the possible consequences if he failed to respond adequately (doc. 92). The plaintiff did not respond.

As the plaintiff is proceeding *pro se*, the court filed a second order on February 13, 2017, giving the plaintiff through March 6, 2017, in which to file his response to the motion to dismiss (doc. 95). The plaintiff was again specifically advised that, if he failed to respond, this action would be dismissed for failure to prosecute. On March 8, 2017, the plaintiff filed a motion seeking an extension of time to file his response and a motion to appoint counsel (docs. 98, 99). On March 22, 2017, the undersigned granted the extension of time through April 21, 2017, and denied the motion to appoint counsel (docs. 102, 103). The plaintiff again did not file a response to the motion to dismiss.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no response has been filed. Meanwhile, the defendants are left to wonder when the action against them will be resolved. The plaintiff has not responded to the defendants' motion to dismiss or the court's orders requiring him to respond. Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b). Should the district court adopt this recommendation, the defendants' motion to dismiss (doc. 93) will be rendered moot.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

April 25, 2017
Greenville, South Carolina